IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM JOSEPH SUMMERVILLE, §
#2231539                       §
        Petitioner,        §
                               §   No. 3:22-cv-02150-C (BT)
v.                             §
                               §
BRYAN COLLIER,                 §
        Respondent.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

     This is a *pro se* habeas action brought by William Joseph Summerville, a state prisoner, under 28 U.S.C. § 2254. On September 29, 2022, the Court sent Summerville a Notice of Deficiency and Order (ECF No. 4), which ordered him to pay the filing fee or file a motion to proceed *in forma pauperis* in this case. The Order further informed Summerville that failure to respond and cure the deficiency by October 31 could result in a recommendation that his case be dismissed. Summerville sought and reviewed two extensions of time to comply with the Court's September 29 Order, and he was directed to cure the deficiency by January 3, 2023. (ECF Nos. 6, 7, 8, 9.) Summerville has not filed any response, and he has not paid the filing fee, filed a motion for leave to proceed *in forma pauperis*, or otherwise complied with the Court's November 9 Order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Summerville has failed to comply with the Court's order to pay the filing fee or file a motion to proceed *in forma pauperis*. This litigation cannot proceed until he cures this deficiency. Summerville has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

### Recommendation

The Court should dismiss Summerville's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed February 1, 2023.

REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*