IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM JOSEPH SUMMERVILLE, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:22-cv-02150-L (BT) |
| DIRECTOR, TDCJ-CID | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is a filing from William Joseph Summerville, a Texas prisoner proceeding *pro se*, informing the Court that he is "withdrawing" his federal habeas application. ECF No. 32. As explained below, absent objection from Summerville, the Court should construe this withdrawal as a motion to voluntarily dismiss under Fed. R. Civ. P. 41(a)(2), grant that motion, and dismiss this action without prejudice.

**Background**

Summerville applied for federal habeas relief pursuant to 28 U.S.C. § 2254. ECF No. 3. The State responded, arguing that Summerville's claims are time-barred, or, alternatively, that some of his claims are procedurally defaulted and the rest are substantively meritless. ECF No. 26 at 9-22. Rather than reply to the State's response, Summerville filed a document to "inform the Court" that he is "withdrawing" his habeas petition. ECF No. 32. Summerville admits that he did not exhaust some of his claims and says that he is "sorry for wasting the Courts

[sic] time and energy." ECF No. 32. He details the difficulty he has had navigating the legal system without an attorney and advises that he is seeking pro-bono counsel. ECF No. 32.

**Analysis**

It appears that Summerville seeks to dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), which allows a plaintiff or petitioner to dismiss his or her action without Court order before the opposing party serves an answer or summary judgment motion. But because the State has responded to Summerville's petition, the parties must either enter a stipulation of dismissal or Summerville must move the Court dismiss his action pursuant to Fed. R. Civ. P. 41(a)(2), which allows the Court to dismiss an action on the petitioner's motion on terms that the Court finds proper. *See Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (explaining that Fed. R. Civ. P. 41(a)(2) may be applied in a habeas proceeding). Unless otherwise stated, such a dismissal is without prejudice. *See* Fed. R. Civ. P. 41(a)(2).

Thus, the Court should liberally construe Summerville's filing (ECF No. 32) as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a)(2). *See, e.g.*, *Williams v. Caliber Home Loans*, 2016 WL 8715661, at *2 (N.D. Tex. Nov. 7, 2016), *rec. accepted* 2016 WL 8711280 (N.D. Tex. Dec. 16, 2016) (construing notice of dismissal filed after defendant had appeared as a motion to dismiss under Fed. R. Civ. P. 41(a)(2)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (document filed by *pro se* party should be liberally construed).

Such motions for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). "Therefore, faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* (footnote omitted).

The Court does not envision any "plain legal prejudice" to the State should Summerville's habeas action be dismissed, so, the Court should grant Summerville's Fed. R. Civ. P. 41(a)(2) motion unless he notifies the Court through objections to this recommendation that he does not intend to dismiss this action.

Summerville is advised that a 28 U.S.C. §2254 petition, absent tolling, must be filed within one year from the time the limitations period begins to run under 28 U.S.C. § 2244(d)(1). And this limitations period is not tolled by a federal habeas application. *See*, *e.g.*, *Duncan v. Walker*, 533 U.S. 167 (2001) (the pendency of a federal habeas application does not toll the AEDPA's limitations period); *Jones v. Lumpkin*, 22 F.4th 486, 490 n.1 (5th Cir. 2022) ("It is well settled that the time during which a *federal* habeas application is pending does not serve to statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2).") (emphasis in original). Thus, if Summerville dismisses this action and tries to refile it, it may be barred by the AEDPA's statute of limitations to the extent that it is not already.

## Recommendation

Absent objection from Summerville, the Court should construe his filing withdrawing his federal habeas petition (ECF No. 32) as a motion to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2), grant that motion, and dismiss this action without prejudice.

Dated: December 6, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).